UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD JAY BIANCHI,

          Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, et al,

          Defendants.

Case No. 3:16-cv-05390-BHS-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

      This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. 23. Having carefully considered that motion and balance of the record, the Court finds it should be denied.

      No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

      To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328,

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 1

1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff requests appointment of counsel because he only has a GED for education and no legal training. However, these bases for seeking appointment of counsel are factors that are applicable to all inmates, and thus do not provide a valid basis for such appointment. *Wood v. Housewright*, 900 F.2d 1332, 1334-36 (9th Cir. 1990). Plaintiff also states is having a hard time articulating his claim *pro se* in light of the complexity of the legal issues involved in this case. The response to defendants' motion for summary judgment, however, shows that plaintiff is able to articulate his claim. In addition, plaintiff has not shown the issues in this case are necessarily too complex for him to proceed *pro se*. As indicated by the Report and Recommendation issued the same date herewith granting defendants' motion for summary judgment, plaintiff has not shown a likelihood of success on the merits.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. 23) is DENIED. The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 1st day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 2