UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD J. BIANCHI,<br><br>  Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | CASE NO. C16-5390 BHS-TLF<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, REQUESTING SUPPLEMENTAL BRIEFING, AND RENOTING PLAINTIFF'S OBJECTIONS |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. 37), and Plaintiff Ronald J. Bianchi's ("Bianchi") objections to the R&R (Dkt. 39).

In May 2015, Bianchi filed suit in Clallam County Superior Court against Defendants Washington State Department of Corrections ("DOC"), Katrina Henry ("Henry"), Dale Robertson ("Robertson"), and Clifford Johnson ("Johnson"), claiming negligence and medical malpractice. Dkt 5-1 at 7. On April 25, 2016 Bianchi amended his complaint to add a section § 1983 claim against Defendants. Dkt 1-2 at 2. On May 23, 2016, Bianchi's lawsuit was removed to this Court. Dkt. 1.

On May 1, 2017, Defendants moved for summary judgment to dismiss Bianchi's complaint. Dkt. 16. On August 6, 2017, Bianchi filed his opposition to Defendants' motion for summary judgment. Dkt. 24. On August 7, 2017, Bianchi filed his amended opposition to Defendants' motion for summary. Dkt. 26.

On November 30, 2017, Judge Fricke recommended granting Defendants' motion as to Bianchi's Eighth Amendment claims. Dkt. 37. Judge Fricke also recommended declining supplemental jurisdiction over Bianchi's medical negligence claims under state law. *Id*. On December 18, 2017, Bianchi objected to the R&R. Dkt. 39. On January 3, 2018, Defendants responded to Bianchi's objections. Dkt. 40.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Bianchi's objections to the R&R were untimely because they were filed on December 18, 2017, three days past the deadline of December 15, 2017. Dkt. 39. The R&R was issued on December 1, 2017 (Dkt. 37), and Bianchi had fourteen days to object to its findings. Fed. R. Civ. P. 72(b)(2). Nonetheless, the Court may consider the claims of an untimely objection on their merits. *See Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). It will do so here.

**A.    Defendant Washington State Department of Corrections**

Bianchi does not object to the R&R's finding that the DOC is immune under the Eleventh Amendment. Dkt. 39 at 4. Although Bianchi invokes multiple rules relevant to

Eleventh Amendment immunity's inapplicability to individual defendants, he does not assert any facts or analysis to argue that the immunity does not apply to the DOC as a state agency. *Id.* Nonetheless, the Court notes that this case was previously removed by Defendants from state court.

As noted in the R&R, "a State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). This construction of the term "person" as it appears in 42 U.S.C. § 1983 is closely related to Eleventh Amendment immunity. "[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payment of funds from the state treasury." *Edelman v Jordan*, 415 U.S. 651, 677 (1974) (internal citations omitted). Accordingly, the R&R correctly concludes that Bianchi may not assert claims for monetary damages against the DOC. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002) ("Lapides' only federal claim against the State arises under 42 U.S.C. § 1983, that claim seeks only monetary damages, and we have held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.").

Nonetheless, this construction of § 1983 is not the same as Eleventh Amendment immunity, and it does not prevent the Court from providing prospective injunctive relief when Eleventh Amendment immunity has been waived. A "[s]tate's action joining the removing of [a] case to federal court waive[s] its Eleventh Amendment immunity." *Lapides*, 535 U.S. at 624 (2002). Accordingly, because the DOC voluntarily removed this

case, its Eleventh Amendment immunity does not bar Bianchi's Eighth Amendment claims seeking prospective injunctive relief in the form of specific medical treatments.

Based on the foregoing, the Court adopts the R&R's recommendation in part and enters summary judgment in favor of the DOC on Bianchi's monetary claims against the DOC under § 1983 on the basis that the DOC is not a "person" within the meaning of the statute. However, the Court declines to adopt the R&R's analysis that Eleventh Amendment immunity prevents the Court from hearing Bianchi's Eighth Amendment claims for injunctive relief.

The Court requests further briefing and supplemental evidence to the extent necessary to address whether the Eighth Amendment requires that the DOC provide Bianchi with the injunctive relief that he requests in his complaint, including: (1) surgery, (2) pain medication, (3) rehabilitation, or (4) other "follow up care" such as renewed access to an abdominal binder. *See* Dkt. 1-2 at 14. Bianchi has submitted evidence in the form of numerous grievances and complaints suggesting that he suffers pain arising from simple daily activities such as sitting up, sneezing, or bowel movements. These grievances do not show that the individually named defendants personally participated in denying any necessary medical care to Bianchi. However, they do suggest that some prison officials were aware of Bianchi's ongoing symptoms. While it was suggested on at least one occasion that Bianchi's pain and discomfort be treated with Ibuprofen or Tylenol, it is unclear whether he has been provided with any treatment for his pain or whether any treatment beyond what he has already received was required under the Eighth Amendment. Additionally, it is unclear to the Court how Bianchi can assert claims

for injunctive relief against the DOC when he is no longer in the DOC's custody. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies.")

A schedule for supplemental briefing will be provided at the end of this order.

**B.    Defendant Henry**

Bianchi does not object to the R&R's recommendation that his claims against Henry should be dismissed for lack of personal participation. Dkt. 39 at 4–5. In fact, Bianchi does not address Henry at all in his objections, arguing only that Robertson and Johnson personally participated in his medical treatment for a hernia. *Id*. Furthermore, Bianchi does not allege any facts or provide medical records to demonstrate Henry's personal participation. Therefore, the R&R properly concludes that Bianchi's § 1983 claims against Henry should be dismissed. Dkt. 37 at 12.

**C.    Defendants Robertson and Johnson**

With respect to Defendants Robertson and Johnson, Bianchi fails to raise a genuine dispute of material fact over whether Robertson and Johnson were deliberately indifferent to his medical needs. In general, to prove "deliberate indifference" under the Eighth Amendment, plaintiff must (1) demonstrate the existence of a serious medical need and (2) prove the defendant had a "sufficiently culpable state of mind" of acting with deliberate indifference to health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Bianchi asserts numerous arguments, none of which the Court finds persuasive.

1         First, Bianchi argues that Robertson's and Johnson's responses to Requests for Admission show that they were deliberately indifferent. Dkt. 39 at 10. However, Bianchi merely recites the elements of a deliberate indifference analysis without making the actual analysis. *Id*. ("By reading the … Requests for Admission … the defendants were both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists …."). In other words, Bianchi falls short of making a connection between the facts of his case and his conclusory assertion of deliberate indifference.

        Second, Bianchi asserts that every time he saw any "medical staff," he told them that his hernia was still causing him pain, which worsened when coughing, sneezing or using the bathroom. Dkt. 39 at 10. Bianchi also points to his grievances as proof that he frequently reported his pain to the staff. *Id*. Yet again, Bianchi does not make it clear as to why these facts are pertinent to establishing a pattern of deliberate indifference by Robertson and Johnson. To the contrary, records show that Bianchi met with these defendants only a limited number of times.

        On October 4, 2012, Bianchi saw Johnson to discuss his hernia-related pain which intensified during bowel movements. Dkt. 1-2 at 68. In his diagnosis, Johnson noted: (1) Bianchi was "sitting on the exam table in no acute distress"; (2) the hernia was not strangulated; and (3) there were no other irregularities in Bianchi's bodily functions. *Id*. Johnson presented Bianchi's case to the Care Review Committee to propose a surgical repair. *Id*. at 70. On October 17, 2012, the committee, which Johnson was a member of, took a vote and decided that the proposed surgical intervention was not necessary at that time. *Id*.

Even if Johnson voted against the surgery, Bianchi fails to show how Johnson acted with deliberate indifference. In his declaration, Johnson states that reducible hernias are rarely life threatening and can be flattened by applying pressure on the protrusion. Dkt. 17 at 2. Thus, the evidence on the record shows that Bianchi did not suffer from a serious medical need, and there is no evidence that failure to conduct a surgery would have resulted in significant injury or wanton infliction of pain. Furthermore, Johnson declared that "watchful waiting" is a medically acceptable treatment for umbilical hernias and that an unwarranted surgery could lead to complications and additional pain for the patient. *Id*. at 3. Therefore, Johnson relied on his expertise as a medical personnel in making his decisions, and Bianchi has failed to show that Johnson was deliberately indifferent.

On December 13, 2013, Bianchi met with Robertson for the first time regarding his hernia. Robertson examined Bianchi and reauthorized the abdominal binder at Bianchi's request. Bianchi did not meet with Robertson again until November 25, 2014, to obtain a renewal for his abdominal binder. The Care Review Committee denied Robertson's request, concluding that the binder was not medically necessary at that time. It is unknown whether Robertson was a member of the committee or had a swaying influence on the decision to deny the renewal.

However, Bianchi does not proffer any evidence that his denial of the abdominal binder was a result of Robertson's personal actions or malicious intent. In fact, Robertson agreed to reauthorize the abdominal binder each time Bianchi requested a renewal. Moreover, Bianchi does not allege that he had requested and was subsequently denied

any additional treatment from Robertson. Therefore, Bianchi cannot show that Robertson acted with deliberate indifference.

Finally, Bianchi tries to distinguish his case from the facts of *Hamby v. Hammond*, 821 F.3d 1085, 1093 (9th Cir. 2016). In *Hamby*, the defendants provided Hamby with medications, an abdominal binder, and lessons on how to alleviate pain through behavioral changes. *Id.* at 1093. Bianchi attempts to make an inference that Johnson and Robertson acted with deliberate indifference because they did not provide to Bianchi the same quality of treatment received by Hamby. The Court rejects this argument because the treatment that Hamby received is not the governing standard for an Eighth Amendment claim.

**D.     State Medical Negligence Claims**

Lastly, Bianchi claims that because he is currently in the custody of Clark County Jail and has limited access to legal materials, he is forced to make a "blanket objection" to all the recommendations in the R&R that he does not address specifically. Dkt. 39 at 12. Pursuant to Fed. R. Civ. P. 72 (b)(2), objections to a magistrate judge's findings and recommendations must be specific. "The Federal rules require specific written objections; generalized or blanket objections do not trigger the *de novo* review requirement." *See Rodriguez v. Hill*, 2015 WL 366440, at *1 (S.D. Cal., Jan. 23, 2015) (citations omitted). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsen v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). While Bianchi's "blanket objection" is improper, the Court finds that it must

address the R&R's recommendation of declining supplemental jurisdiction over the state law medical negligence claims. Dkt. 37 at 20–21.

28 U.S.C. § 1367(c) provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) *the district court has dismissed all claims over which it has original jurisdiction*, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis added). Because the Court will not presently dismiss Bianchi's constitutional claims for injunctive relief against the DOC at this time, 28 U.S.C. § 1367(c)(3) does not presently provide a basis for remanding Bianchi's state law claims. Accordingly, absent any other basis for declining supplemental jurisdiction, the Court will defer ruling on whether to decline supplemental jurisdiction over Bianchi's state law claims.

**E.     Conclusion**

The Court having considered the R&R, Bianchi's objections, and the remaining record, it is hereby **ORDERED** that the R&R is **ADOPTED in part** as follows:

(1)     The DOC is entitled to summary judgment on Bianchi's § 1983 claims for monetary damages and those claims are **DISMISSED with prejudice**; and

(2)     Defendants Robertson, Johnson, and Henry are entitled to summary judgment on Bianchi's § 1983 claims and those claims are **DISMISSED with prejudice**.

Additionally, the Court requests supplemental briefing on Bianchi's injunctive relief claims against the DOC under the Eighth Amendment, including the question of whether such claims are moot due to Bianchi's current confinement in Clark County's custody. The parties may file supplemental briefs not to exceed fifteen pages no later than March 30, 2018. The parties may file supplemental responses no later than April 6, 2018, and Bianchi's objections are **RENOTED** for April 13, 2018.

Dated this 14th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge