UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD J. BIANCHI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | CASE NO. C16-5390 BHS-TLF<br><br>ORDER ADOPTING IN PART<br>AND MODIFYING REPORT<br>AND RECOMMENDATION |

　　　　This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. 37), and Plaintiff Ronald J. Bianchi's ("Bianchi") objections to the R&R (Dkt. 39).

　　　　In May 2015, Bianchi filed suit in Clallam County Superior Court against Defendants Washington State Department of Corrections ("DOC"), Katrina Henry ("Henry"), Dale Robertson ("Robertson"), and Clifford Johnson ("Johnson"), claiming negligence and medical malpractice. Dkt 5-1 at 7. On April 25, 2016 Bianchi amended his complaint to add a section § 1983 claim against Defendants. Dkt 1-2 at 2. On May 23, 2016, Bianchi's lawsuit was removed to this Court. Dkt. 1.

　　　　On May 1, 2017, Defendants moved for summary judgment to dismiss Bianchi's complaint. Dkt. 16. On August 6, 2017, Bianchi filed his opposition to Defendants' motion for summary judgment. Dkt. 24. On August 7, 2017, Bianchi filed his amended opposition to Defendants' motion for summary. Dkt. 26. On November 30, 2017, Judge

Fricke recommended granting Defendants' motion as to Bianchi's Eighth Amendment claims. Dkt. 37. Judge Fricke also recommended declining supplemental jurisdiction over Bianchi's medical negligence claims under state law. *Id*. On December 18, 2017, Bianchi objected to the R&R. Dkt. 39. On January 3, 2018, Defendants responded to Bianchi's objections. Dkt. 40.

On March 14, 2018, the Court entered an order adopting the R&R in part and requesting supplemental briefing. Dkt. 42. The Court adopted the R&R in part, dismissing Bianchi's claims against individually named defendants and his monetary claims against the DOC. *Id.* The Court declined to adopt the R&R as it pertained to Bianchi's Eighth Amendment claim against the DOC for injunctive relief and requested supplemental briefing on (1) the merits of that claim and (2) whether the claim had become moot. *Id.* On March 29, 2018, Bianchi filed his supplemental brief. Dkt. 44. On March 30, 2018, the DOC filed its supplemental brief. Dkt. 43.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

On May 31, 2018, Bianchi filed a status report. Dkt. 51. He is no longer in DOC custody and his trial has been rescheduled to October 22, 2018. *Id.* Depending on the outcome of the trial, Bianchi may never return to DOC custody. Under these circumstances, the Court concludes that Bianchi's remaining claim for injunctive relief should be dismissed without prejudice as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368

(9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies."). Bianchi has failed to establish that judicial economy or some other consideration would be served by entering a stay pending the outcome of his trial in state court. Because Bianchi's claims are dismissed as moot, he may file a new lawsuit against the DOC seeking injunctive relief pursuant to the Eighth Amendment if he is ever returned to DOC custody.

Additionally, the Court notes that it previously deferred ruling on the R&R's recommendation that supplemental jurisdiction be declined. 28 U.S.C. § 1367(c) provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In light of the dismissal of Plaintiff's remaining federal claim for injunctive relief, it would be appropriate for the Court to adopt the recommendation set forth in the R&R, decline supplemental jurisdiction over Plaintiff's state law negligence claim, and remand the matter to state court. However, the merits of Plaintiff's medical negligence claims were fully briefed on summary judgment and the record presents a straight-forward basis as to why Bianchi's negligence claim should be dismissed.

Bianchi has failed to present admissible evidence, or even adequately articulate, how the medical staff against whom he asserts his negligence claims rendered or failed to

provide medical care in a manner falling below a defined standard of care. "[T]o defeat summary judgment in almost all medical negligence cases, the plaintiffs must produce competent medical expert testimony establishing that the injury was proximately caused by a failure to comply with the applicable standard of care." *Seybold v. Neu*, 105 Wn. App. 666, 676 (2001). Nonetheless, expert testimony is not necessary if the medical facts are observable to the lay person. *Bauer v. White*, 95 Wn. App. 663, 667 (1999). Bianchi's medical negligence claims are premised exclusively on a theory that Defendants Henry, Johnson, and Robertson "knew of the pain caused by the Plaintiff's hernia and refused to treat the pain or fix the hernia that was causing the pain." Dkt. 26 at 18, 26–27. Contrary to Bianchi's statements, however, the record plainly shows that the named defendants did provide care for his hernia, even if such treatment stopped short of surgical repair. In fact, each time Bianchi met with Defendant Robertson, Robertson agreed to reauthorize Bianchi's request for an abdominal binder. Even though Defendant Johnson presented Bianchi's case to the Care Review Committee ("CRC") to propose a surgical repair, the Committee voted against the repair on the basis that it was not medically necessary at that time. Dkt. 1-2 at 70. Bianchi's claims of medical negligence boil down to an assertion that his treating practitioners failed to render adequate medical care, but he fails to account for the fact that the denial of any requested treatment was directly attributable to the decision of the CRC in directing the use of its limited medical resources. Bianchi has failed to provide any competent evidence to support a theory that the unspecified treatment he purportedly should have received was withheld because of a failure on the part of any defendant to adequately assess the extent or immediacy of his medical needs.

The urgency with which Bianchi's hernia should have been be treated with measures beyond those recommended or provided by Bianchi's medical providers is not a matter observable to the lay person. Instead, it presents questions of complex medical considerations involving the extent of his condition and available courses of treatment. An expert is necessary in such circumstances to establish an applicable standard of care. Absent such evidence, Plaintiff's claims of medical negligence must be dismissed.

Therefore, the Court having considered the R&R, Bianchi's objections, and the remaining record, hereby **ORDERS** that the R&R is **ADOPTED in part** as stated in the Court's previous order (Dkt. 42) and **MODIFIED** as follows:

(1) Bianchi's Eighth Amendment claim against the DOC for injunctive relief is **DISMISSED as moot**; and

(2) Bianchi's medical malpractice claims against Defendants Robertson, Johnson, and Henry are **DISMISSED with prejudice**.

The Clerk shall enter judgment and close this case.

Dated this 7th day of June, 2018.

BENJAMIN H. SETTLE
United States District Judge